ALLEN JOHNSTON, Appellant, v. T. B. GEPHART.

**Rescission:** BREACH OF CONTRACT.  Plaintiff owned notes secured by mortgage executed to O.  Under an agreement between plaintiff, defendant and O., the latter's partner in business consenting, plaintiff surrendered the notes and mortgage to defendant in consideration of the latter's conveying to him a certain lot, and O.'s husband executing to him his note for a certain sum.  Defendant was to receive O.'s interest as partner in a business in consideration of his conveyance of the lot to plaintiff.  Before the invoice of such business was completed, defendant refused to carry out his agreement, and sold and transferred the notes before maturity to an innocent purchaser, who afterwards recovered in an action thereon against the maker and plaintiff as endorser.  *Held*, that the agreement as between the plaintiff and defendant was fully performed, and the plaintiff was not entitled to a rescission of the contract and damages for breach thereof.

*Appeal from Wapello District Court.*—HON. T. M. FEE, Judge.

THURSDAY, OCTOBER 3, 1901.

ACTION in equity to rescind a contract on the ground of fraud, and for damages caused by a breach thereof.  At the conclusion of the plaintiff's testimony the court sustained the defendant's motion to dismiss the petition, and judgment was ordered accordingly, from which the plaintiff appeals.— *Affirmed.*

*Mitchell & Hunter* and *W. E. Epps* for appellant.

*Work & Lewis* for appellee.

GIVEN, C. J.—I.  Plaintiff owned three promissory notes executed by Amy Owen to him, aggregating $575, and secured by mortgage on real estate.  Amy Owen and John O'Donnell were co-partners in the undertaking business, with

a stock worth $1,000 or $1,200, and occupied a room in a building owned by the plaintiff under a lease from him. The defendant Gephart owned a certain lot in Pickwick, now in the city of Ottumwa, worth about $500. Plaintiff, defendant, and Mrs. Owen, Mr. O'Donnell consenting thereto, entered into a verbal agreement, whereby Johnston was to surrender said notes and cancel said mortgage in consideration of Gephart's conveying to him said lot and Mr. Owen executing to him his promissory note for $75. Gephart agreed to take Mrs. Owen's interest in the undertaking business and goods in payment of said note to the extent of the invoice to be taken, and to become a partner with O'Donnll in said business, they to take a lease of the room from the plaintiff for two years upon terms agreed upon, to which Mrs. Owen and O'Donnell agreed. In pursuance of this agreement, Gephart conveyed the lot to Johnston, and, as the invoice had not yet been taken, and as Johnston expected to be absent for a time, he transferred the notes and mortgage to Gephart, with the agreement that Gephart would surrender the notes and cancel the mortgage when the invoice was taken and the notes thereby paid, as agreed. The invoice was partially taken, but not completed because of Gephart's leaving the city. On his return he refused to carry out the agreement, and sold and transferred the notes before due to an innocent purchaser, who afterwards sued and recovered thereon against the maker and Mr. Johnston as indorser. Upon defendant's refusal to carry out the agreement as to Mrs. Owen, plaintiff executed and tendered to him a deed to said lot, and demanded a return of the notes and mortgage, and Mrs. Owen demanded that the invoice be completed, and the agreement carried out as to her. Defendant refused to comply with either demand, and plaintiff brings this action in equity to rescind the contract and for damages.

II.   Plaintiff owned the notes and mortgage, Gephart owned the lot, and Mrs. Owen owned her interest in the undertaking goods and business. None had any interest in the

property of the other except as Mrs. Owen was liable on the notes. Plaintiff got all that he was to get for his notes and mortgage, namely, the lot and Mr. Owen's note for $75. Therefore, he has suffered no damage. He had no interest in the transaction as between Gephart and Mrs. Owen, except a desire to assist Mrs. Owen. His counsel say: "Mr. Johnston did not receive all he was to receive. True, he received the Pickwick lot, but he did not receive the gratification of having gratuitously assisted a worthy woman out of debt." But surely this disappointment does not give him a cause of action to rescind, nor for damages. The agreement, as between the plaintiff and defendant, has been fully performed, and we fail to see wherein the plaintiff had any cause for equitable relief. The refusal to carry out the agreement as to Mrs. Owen may be cause for complaint and ground for relief on her part, but it is not she who is asking relief. We think the court properly sustained defendant's motion to dismiss plaintiff's petition.—AFFIRMED.